# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-3438

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff-Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Eastern District of Missouri. |
| | * | |
| Christopher James Lee, | * | |
| | * | |
| Defendant-Appellant. | * | |

_____

Submitted: May 17, 2007
Filed: September 27, 2007

_____

Before WOLLMAN, BRIGHT, and JOHN R. GIBSON, Circuit Judges.

_____

BRIGHT, Circuit Judge.

Christopher Lee received a sentence of 118 months' imprisonment after pleading guilty to five counts of bank fraud, 18 U.S.C. § 1344, and five counts of aggravated identity theft, 18 U.S.C. § 1028A. The district court placed Lee in criminal history category VI, yielding a guidelines sentencing range of thirty-seven to forty-six months' imprisonment for each of the bank fraud counts, see U.S.S.G. § 2B1.1, and sentenced him to concurrent forty-six-month sentences on those counts. In addition, the court imposed five statutorily mandated terms of twenty-four months' imprisonment for the aggravated identity theft counts. See 18 U.S.C. § 1028A(a)(1), (b); U.S.S.G. § 2B1.6 (noting mandatory term imposed by statute). The court ran three of the counts consecutively to the forty-six-month bank fraud terms and to each

other, and the remaining two concurrently to the other terms. The district court also ordered Lee to pay $58,217.85 in restitution. He appeals, challenging his sentence and the restitution order.

Lee's challenge to the restitution order is precluded by his plea agreement, which contains a waiver of "all rights to appeal all non-jurisdictional issues." He offers no reason to set aside the waiver, and thus we will not address the issue. See United States v. Schulte, 436 F.3d 849, 850 (8th Cir. 2006).

Unlike the restitution order, Lee's plea agreement preserves his right to challenge any sentence exceeding seventy months. We review his sentence for reasonableness. See United States v. Winston, 456 F.3d 861, 867-68 (8th Cir. 2006). Though Lee generally challenges the duration of his 118-month sentence, his appeal focuses on the district court's decision to run three of his § 1028A terms consecutively. (His sentence of forty-six months for the § 1344 bank fraud counts is within the guidelines range and his brief does not challenge that portion of his sentence.) One of Lee's §1028A terms, however, falls outside the scope of our analysis because § 1028A(b)(2) requires that at least one of the multiple terms served for aggravated identity theft run consecutively to any other term of imprisonment. That consecutive term is imposed by statute and is thus beyond the scope of the reasonableness analysis mandated by the Supreme Court in United States v. Booker, 543 U.S. 220 (2005). Cf. United States v. Gregg, 451 F.3d 930, 937 (8th Cir. 2006) (observing that sentence mandated by § 924(c) not subject to reasonableness analysis). It was within the discretion of the district court, however, to run the remaining §1028A terms concurrently after considering the factors described in application note 2(B) of U.S.S.G. § 5G1.2, and thus we will analyze that portion of Lee's sentence for reasonableness.

A court must adequately explain its decision to impose consecutive sentences. See Winston, 456 F.3d at 867. Here, the government concedes in its brief (while

arguing that the outcome is otherwise reasonable) that the district court "did little to explain, on the record, why it chose to essentially follow the Government's recommendation for imposition of a sentence of ten years." On this record we are not convinced that the district court considered the factors that must inform its decision whether to run multiple § 1028A counts concurrently or consecutively. See U.S.S.G. § 5G1.2, comment. (n.2(B)). The court's obligation to conduct that analysis is imposed by statute, 18 U.S.C. § 1028A(b)(4), and we will not undertake it in the first instance. The consecutive sentences in question here cannot stand without the district judge giving adequate reasons for the decision.

Accordingly, we affirm the order of restitution but vacate Lee's sentence of imprisonment and remand this case to the district court for resentencing. We retain jurisdiction should there be another appeal and suggest that the district court expedite its resentencing decision.

_____