# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-3438

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff – Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Eastern District of Missouri. |
| | * | |
| Christopher James Lee, | * | PUBLISHED |
| | * | |
| Defendant – Appellant. | * | |

_____

Submitted: September 25, 2008
Filed: October 29, 2008

_____

Before WOLLMAN, BRIGHT, and JOHN R. GIBSON, Circuit Judges.

_____

PER CURIAM.

On remand from this court, appellant Christopher Lee received a sentence of 118 months' imprisonment for his convictions of five counts of bank fraud in violation of 18 U.S.C. § 1344 and five counts of aggravated identity theft in violation of 18 U.S.C. § 1028(A). We have appellate jurisdiction over this, Lee's second appeal, under 28 U.S.C. § 1291. Lee contends that the district court[1] abused its discretion by running several of his § 1028A counts consecutively to each other and raises several other issues in this appeal. Because we conclude that the district court

_____

[1]The Honorable Henry E. Autrey, United States District Judge for the Eastern District of Missouri.

did not abuse its discretion and because we decline to reach the other issues Lee raises on appeal, we affirm.

## I. BACKGROUND

Lee received a sentence of 118 months' imprisonment after pleading guilty to five counts of bank fraud, 18 U.S.C. § 1344, and five counts of aggravated identity theft, 18 U.S.C. § 1028A. The district court calculated the guidelines sentencing range of 37 to 47 months' imprisonment for each of the bank fraud counts and sentenced Lee to concurrent 46-month terms on those counts. In addition, the district court imposed five statutorily mandated terms of 24 months' imprisonment for the five counts of aggravated identity theft. *See* 18 U.S.C. § 1028A(a)(1); U.S.S.G. § 2B1.6 (noting mandatory term imposed by statute). The district court ran three of the § 1028A terms consecutively to the 46-month bank fraud terms and to each other, and the remaining two concurrently with the other § 1028A terms. The district court also ordered Lee to pay $58,217.85 in restitution.

Lee appealed his sentence in 2007, arguing that the district court improperly calculated his restitution order and improperly ran three of his § 1028A terms consecutively. *See United States v. Lee*, 502 F.3d 780, 780-81 (8th Cir. 2007). This court held that Lee's plea agreement barred his challenge to the restitution order but vacated Lee's sentence and remanded because the district court failed to adequately explain its decision to impose consecutive terms of imprisonment. *Id*. On remand, the district court imposed the same sentence, and this second appeal follows.

## II. DISCUSSION

Lee contends first that the district court abused its discretion "by imposing a sentence that was unreasonable under 18 U.S.C. § 3553(a) and the Sentencing Commission's policy statement on sentencing multiple § 1028A convictions found in

§ 5G1.2 note 2(B) in violation of § 1028A(b)(4)." Specifically, Lee challenges the district court's decision to impose consecutive, rather than concurrent, terms for his § 1028A convictions.

We review a sentence for an abuse of discretion. *See Gall v. United States*, 552 U.S. ---, 128 S. Ct. 586, 591 (2007). And, with limited exception[2], a district court's decision to impose a consecutive or concurrent sentence is reviewed only for reasonableness. *See United States v. Winston*, 456 F.3d 861, 867 (8th Cir. 2006).

The offense of aggravated identity theft requires a sentence of 24 months, which must run consecutively to any other term of imprisonment imposed by the court at the same time. *See* 18 U.S.C. § 1028A(b). The only exception to this statutorily mandated rule grants a district court discretion to run additional § 1028A sentences imposed at the same time concurrently with each other. *Id*. § 1028A(b)(4). A district court must exercise that discretion "in accordance with any applicable guidelines and policy statements issued by the Sentencing Commission." *Id*.

The relevant provision of the Sentencing Guidelines contains a non-exclusive list of factors for the district court to consider in determining whether to run additional § 1028A sentences concurrently with or consecutively to each other, including the "nature and seriousness of the underlying offenses," the groupability of the offenses under § 3D1.2, and whether "the purposes of sentencing set forth in 18 U.S.C. § 3553(a)(2) are better achieved by imposing a concurrent or a consecutive sentence." *See* U.S.S.G. § 5G1.2 cmt. n.2(B). It is error for a district court to fail to make a

---

[2]One such exception applies when a consecutive term is imposed by statute. *See, e.g.*, 18 U.S.C. § 1028A(b)(2). Here, one of Lee's consecutive terms is beyond the scope of reasonableness review because § 1028A(b)(2) requires that at least one of the terms served for aggravated identity theft run consecutively. *See also* U.S.S.G. 2B1.6, cmt. n.1. Thus, we review the reasonableness of only the district court's decision to run two of Lee's § 1028A terms consecutively. *See Lee*, 502 F.3d at 781.

record of its consideration of the § 5G1.2 cmt. n.2(B) factors. *See Lee*, 502 F.3d at 781; *Winston*, 456 F.3d at 867 (stating that a district court "must explain its reasoning for imposing a concurrent or consecutive sentence").

Lee argues that the district court "chose not to consider" the § 5G1.2 cmt. n.2(B) factors in deciding to impose consecutive terms of imprisonment. We disagree. The sentencing transcript shows that the district court considered the factors in § 5G1.2 cmt. n.2(B), which determine whether multiple counts of aggravated identity theft should run concurrently with, or consecutively to, each other. The district court expressly determined that Lee's offenses were "serious" and explained the nature of Lee's conduct. The district court also considered whether the offenses were "groupable" but ultimately rejected the groupability of the counts on these facts. Finally, the district court considered the "goal and purpose of sentencing under Section 3553." We conclude, therefore, that the district court considered the proper factors, made a record of its decision, and did not impose an unreasonable sentence. *See Gall*, 128 S. Ct. at 597.

Lee's brief raises a number of additional issues relating to his guilt and sentence. Lee contends that (1) he received ineffective assistance of counsel; (2) his plea was involuntary and, therefore, the plea agreement was void; (3) the district court improperly ordered restitution; (4) the district court determined the incorrect guideline range; (5) his conduct did not "meet the statutory elements to constitute" aggravated identity theft; and (6) his criminal history score should be reduced. The Government responds that all of these issues are not properly before this court or otherwise barred. We agree.

Lee's plea agreement provides that Lee waived "all rights to appeal all non-jurisdictional issues" and "the right to appeal his sentence, directly or collaterally, on any ground except the reasonableness of a sentence of imprisonment that exceeds 70 months." In addition, "[w]here a remand is limited to the resolution of specific issues,

those issues outside the scope of the remand are generally not available for consideration" in a subsequent appeal. *United States v. Walterman*, 408 F.3d 1084, 1085 (8th Cir. 2005). This court's order confined the issue on remand to the district court's explanation of its decision to impose consecutive sentences. *See Lee*, 502 F.3d at 781. Because the additional issues that Lee raises are barred by his plea agreement or outside the scope of the remand order, we conclude that they are barred.

## III. CONCLUSION

Accordingly, we affirm Lee's sentence.

_____