NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1512
_____

UNITED STATES OF AMERICA

v.

ANTHONY SMITH,
                                    Appellant
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(D.C. Crim. No. 2-09-cr-00293-001)
District Judge:  Honorable Mitchell S. Goldberg
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
November 16, 2010
Before:   AMBRO, FISHER and WEIS, Circuit Judges.

(Filed: November 29, 2010)
_____

OPINION
_____


WEIS, Circuit Judge.

        Defendant used false identification to fraudulently gain access to money

from five separate accounts at various banks and to open a credit account with an

1

electronics store, which he used to secure substantial quantities of goods. He pleaded

guilty to four counts of bank fraud and aiding and abetting, in violation of 18 U.S.C. §§

1344 and 2; one count of access device fraud, a violation of 18 U.S.C. § 1029(a); five

counts of aggravated identity theft and aiding and abetting, in violation of 18 U.S.C. §§

1028A and 2; and one count of conspiracy, a violation of 18 U.S.C. § 371.

The District Court imposed a sentence of 21 months on all counts except

those for aggravated identity theft; 48 months were added for the identity theft offenses.

Defendant appeals only his sentence, contending that the total 69-month

term of imprisonment was unreasonable and, particularly, that the District Court erred by

imposing consecutive 24-month sentences for two of the five § 1028A violations. We

will affirm.

Sentences for aggravated identity theft are governed by a mandatory

minimum regimen under 18 U.S.C. § 1028A. Specifically, a person convicted of

improperly using a means of identification of another person "in relation to" certain

enumerated felonies,[1] including bank fraud, "shall, in addition to the punishment provided

---

[1] These felony violations include theft of public property, money or rewards; theft, embezzlement or misapplication by a bank officer or employee; theft from employee benefit plans; false personation of citizenship; mail, bank and wire fraud; violations of the Immigration and Nationality Act; and similar offenses. 18 U.S.C. §1028A(c).

for such [listed] felony, be sentenced to a term of imprisonment of 2 years." 18 U.S.C. § 1028A(a)(1).

To forestall a term of incarceration that might be excessive in a particular case, the statute grants the court discretion to determine whether, after the first sentence imposed under § 1028A (which must be consecutive to the enumerated felony), any remaining violations shall run concurrently or consecutively.

> "[A] term of imprisonment imposed on a person for a violation of this section may, in the discretion of the court, run concurrently, in whole or in part, only with another term of imprisonment that is imposed by the court at the same time on that person for an additional violation of this section, provided that such discretion shall be exercised in accordance with any applicable guidelines and policy statements . . . ."

18 U.S.C. § 1028A(b)(4).

Thus, after imposing one mandatory two-year consecutive period of incarceration, the district court must decide whether the sentences for additional violations of § 1028A are to run consecutively or concurrently. In exercising its discretion, the court should consider "applicable guidelines and policy statements issued by the Sentencing Commission" and make a record of the factors considered. See U.S.S.G. § 5G1.2 cmt. 2(B); United States v. Lee, 545 F.3d 678, 681 (8th Cir. 2008).

We have closely reviewed the comments of the district judge at the sentencing hearing. The Court found that, although the defendant's mental health problems were real and significant, the crime was serious, the risk of recidivism was

3

substantial, and the needs for deterrence and protection of the public were great. Accordingly, the district judge imposed a sentence of 21 months (at the low end of the Guideline range) for the conspiracy, bank fraud, and access device fraud charges. In addition, he ordered that two of the five sentences under § 1028A would run concurrently.

Because the District Court reviewed the pertinent factors in reaching the latter decision and made an appropriate record of its findings, we are persuaded that the Court properly exercised its discretion. See Lee, 545 F.3d at 681. Furthermore, finding no error in the record, we defer to "the district court's determination that the [18 U.S.C.] § 3553(a) factors, on a whole, justify the sentence." United States v. Tomko, 562 F.3d 558, 568 (3d Cir. 2009) (en banc) (internal quotations omitted).

In addition to the term of imprisonment, the Court also directed supervised release and restitution. Defendant does not challenge these provisions, and we need not comment on them.

Accordingly, the judgment will be affirmed.