# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-2487

_____

United States of America

*Plaintiff - Appellee*

v.

William Lawrence

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: March 10, 2014
Filed: April 24, 2014

_____

Before WOLLMAN, MURPHY, and GRUENDER, Circuit Judges.

WOLLMAN, Circuit Judge.

William Lawrence pleaded guilty to using interstate commerce facilities in the commission of murder-for-hire, in violation of 18 U.S.C. § 1958. The district court[1] departed downward from the United States Sentencing Guidelines (Guidelines or

_____

[1]The Honorable Carol E. Jackson, United States District Judge for the Eastern District of Missouri.

U.S.S.G.) term of 120 months' imprisonment and sentenced Lawrence to 72 months' imprisonment. Lawrence argues on appeal that his sentence is substantively unreasonable. We affirm.

I.

Lawrence has a history of mental illness. On February 6, 2012, Lawrence was involved in a physical altercation with police officers at his home after the officers responded to a 911 call from one of Lawrence's neighbors, who told police that Lawrence had brandished a rifle and made threatening remarks during an argument. After subduing Lawrence, the officers conducted a protective sweep of his home and seized two firearms, a marijuana plant, marijuana seeds, and several glass pipes. In the days following the altercation, Lawrence called the police station at least five times to demand the return of his firearms, which were being held as evidence. Lawrence eventually appeared at the police station in person with the same demand.

On or around March 1, 2012, Lawrence posted a classified ad on the website Craigslist.com that stated: "Wanted dead, all the maplewood city police officers, paying one million per head. two million for detectives Kerry Daniels." When Maplewood police determined that Lawrence had posted the ad, they arrested Lawrence and charged him with the use of an interstate commerce facility in the commission of murder-for-hire. Lawrence waived his right to an indictment and pleaded guilty to the charge. He later fled to Colorado Springs, Colorado, where he was found on December 7, 2012, sleeping behind a dumpster.

Lawrence's Guidelines sentencing range was 292 to 365 months' imprisonment. His Guidelines term of imprisonment was reduced to 120 months, the maximum term allowed under 18 U.S.C. § 1952. At sentencing, the district court departed downward from the Guidelines sentence based on Lawrence's mental illness, see U.S.S.G. § 5H1.3, and sentenced Lawrence to 72 months' imprisonment.

## II.

We review the substantive reasonableness of Lawrence's sentence for abuse of discretion. United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009). A sentencing court abuses its discretion when it "fails to consider a relevant factor that should have received significant weight; gives significant weight to an improper or irrelevant factor; or considers only the appropriate factors but [in weighing those factors] commits a clear error of judgment." United States v. Gant, 721 F.3d 505, 511 (8th Cir. 2013) (alteration in original) (quoting United States v. Richart, 662 F.3d 1037, 1051 (8th Cir. 2011)). These factors are set forth in 18 U.S.C. § 3553(a).

Lawrence asserts that the district court gave insufficient weight to his mental illness in sentencing him. To the contrary, the district court gave great weight to Lawrence's mental illness, departing downward from his Guidelines sentence by 48 months despite finding that Lawrence's history of inappropriate behavior, combined with his access to firearms, created a "potentially explosive situation." This history is well documented. In 2010, Lawrence verbally abused police officers while being arrested for driving while intoxicated. In the incident that precipitated the instant offense, Lawrence brandished a firearm and tussled with police officers who responded to the scene. After the officers confiscated his firearms, Lawrence sought to have the officers killed and later fled to Colorado to avoid prosecution. This behavior indicates both that Lawrence is prone to violent thoughts and that he possesses sufficient individual autonomy to act on those thoughts. Thus, even though Lawrence has not yet caused serious harm, the district court was within its discretion to consider his capacity to cause such harm in the future.

## III.

The judgment is affirmed.

_____

-3-