# United States Court of Appeals

### For the Eighth Circuit

_____

No. 14-2754

_____

United States of America

*Plaintiff - Appellee*

v.

Orlando Preston, also known as Nizza P. El

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: March 5, 2015
Filed: March 26, 2015
[Unpublished]

_____

Before SMITH, GRUENDER, and BENTON, Circuit Judges.

_____

PER CURIAM.

Orlando Eric Preston, also known as Nizza P. El, directly appeals the district court's[1] judgment in his criminal case. After careful review, this court affirms.

_____

[1]The Honorable Catherine D. Perry, Chief Judge, United States District Court for the Eastern District of Missouri.

Preston pled guilty to conspiring to commit an offense against the United States, mail fraud, and operating a chop shop, in violation of 18 U.S.C. §§ 371, 1341, and 2322. As part of the written plea agreement, he waived the right to appeal "all non-jurisdictional, non-sentencing issues"; and the right to appeal "all sentencing issues other than Criminal History" if the district court adopted the parties' agreed-upon total offense level and sentenced him within or below the Guidelines range. The court adopted the parties' agreed-upon total offense level, sentenced Preston below the Guidelines range to 60 months in prison, and ordered him to pay $194,107.93 in restitution to identified victims pursuant to 18 U.S.C. § 3663A. In a brief filed under *Anders v. California*, 386 U.S. 738 (1967), counsel argues that the restitution amount was excessive. In a pro se pleading, Preston argues that the district court lacked jurisdiction over him, thus his conviction was a miscarriage of justice.

The appeal waiver precludes counsel's challenge to the restitution amount. *See United States v. Andis*, 333 F.3d 886, 889-90 (8th Cir. 2003) (en banc) (appeal-waiver rule). The restitution issue falls within the scope of the waiver, *see United States v. Lee*, 502 F.3d 780, 780-81 (8th Cir. 2007) (appeal waiver barred challenge to restitution order, as defendant waived right to challenge all non-jurisdictional issues and did not preserve challenge to restitution); the record demonstrates that Preston knowingly and intelligently entered into the plea agreement and appeal waiver, *see Nguyen v. United States*, 114 F.3d 699, 703 (8th Cir. 1997) (defendant's statements during plea hearing carry strong presumption of verity); and enforcing the waiver would not result in a miscarriage of justice, *see United States v. Schulte*, 436 F.3d 849, 849-51 (8th Cir. 2006) (appeal challenging restitution amount does not fall within miscarriage-of-justice exception to appeal-waiver rule). While Preston's pro se challenge to the district court's jurisdiction is beyond the scope of the appeal waiver, it fails on the merits. *See* 18 U.S.C. § 3231 (district courts have original jurisdiction of all offenses against laws of United States); *United States v. James*, 328 F.3d 953, 954-55, 958 (7th Cir. 2003) (laws of United States apply to all persons within its borders; affirming conviction of defendant "Moorish national"). An

independent review of the record under *Penson v. Ohio*, 488 U.S. 75, 80 (1988), reveals no nonfrivolous issues for appeal.

The judgment is affirmed.  Counsel's motion to withdraw is granted.

_____