# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-3842

_____

United States of America

*Plaintiff - Appellee*

v.

Glenda Suhr, also known as Glennda Suhr, also known as Glenda Currier, also known as Deborah Halpin

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of South Dakota - Rapid City

_____

Submitted: July 15, 2015
Filed: July 21, 2015
[Unpublished]

_____

Before LOKEN, BOWMAN, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Glenda Suhr appeals from the sentence imposed by the District Court[1] after she pleaded guilty to access device fraud. Her counsel has moved to withdraw and has filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that the court erred in its loss calculation and by assessing a criminal history point for a prior conviction. We conclude that Suhr's appeal waiver should be enforced and precludes review of her sentence and restitution order. See United States v. Scott, 627 F.3d 702, 704 (8th Cir. 2010) (holding that the validity and applicability of an appeal waiver is reviewed de novo); United States v. Lee, 502 F.3d 780, 780–81 (8th Cir. 2007) (concluding that an appeal waiver barred a challenge to a restitution order because the defendant waived "all rights to appeal non-jurisdictional issues"); United States v. Andis, 333 F.3d 886, 889–90 (8th Cir.) (en banc) (describing the circumstances under which the appellate court should enforce an appeal waiver and dismiss the appeal), cert. denied, 540 U.S. 997 (2003). We have reviewed the record independently under Penson v. Ohio, 488 U.S. 75, 80 (1988), and we find no nonfrivolous issues outside the scope of the waiver.

Accordingly, we dismiss the appeal and grant counsel's motion to withdraw.

_____

[1]The Honorable Jeffrey L. Viken, Chief Judge, United States District Court for the District of South Dakota.