# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-3000

_____

United States of America,

*Plaintiff - Appellee,*

v.

Samory Azikiwe Monds,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the Southern District of Iowa - Des Moines

_____

Submitted: September 27, 2019
Filed: December 20, 2019

_____

Before LOKEN, COLLOTON, and KOBES, Circuit Judges.

_____

COLLOTON, Circuit Judge.

A jury convicted Samory Monds of possession with intent to distribute cocaine and cocaine base. *See* 21 U.S.C. § 841(a)(1), (b)(1)(C). The district court[1] sentenced him to 262 months' imprisonment. On appeal, Monds challenges the admission of

---

[1]The Honorable James E. Gritzner, United States District Judge for the Southern District of Iowa.

evidence that he had sustained three prior felony drug convictions, and the presentation of testimony adverting to the fact that Monds was under court supervision at the time of his arrest. Monds also disputes the district court's calculation of the advisory guideline range at sentencing. We conclude that there was no reversible error, and therefore affirm the judgment.

I.

In August 2017, Monds was serving terms of federal supervised release and state probation. He had violated conditions of supervised release, and police officers arrived at his home on August 30 to arrest him for the violation. As officers arrested Monds at his front door, a man named Tommy Johnson approached the house, but turned to flee when he saw the police. Officers caught Johnson and found that he possessed several baggies of heroin and a pipe for smoking crack cocaine. Police then obtained a search warrant for Monds's residence, and they seized cocaine and paraphernalia used in distributing drugs.

A grand jury charged Monds with possession with intent to distribute cocaine and cocaine base. Before trial, the government filed a notice under Federal Rule of Evidence 404(b) to present evidence of three prior convictions: (1) an August 2017 conviction for possession of marijuana with intent to deliver; (2) a May 2014 conviction for conspiracy to distribute cocaine base; and (3) an April 2011 conviction for possession of a controlled substance with intent to deliver. The motion asserted that the convictions were relevant to prove Monds's "motive, opportunity, intent, preparation, plan, knowledge, and absence of mistake." Monds moved to exclude the prior convictions. He also sought to keep out evidence that he was on supervised release and probation at the time of his arrest.

After a hearing, the district court ruled that the prior convictions would be received in evidence. In light of our decision in *United States v. Wright*, 866 F.3d

899 (8th Cir. 2017), which reiterated that "a prior conviction for distributing drugs . . . [is] relevant under Rule 404(b) to show knowledge and intent to commit a current charge of conspiracy to distribute drugs," *id*. at 905 (internal quotation marks omitted), the court determined that "under the circumstances of this case," it was "compelled to rule that they are admissible." The court also ruled that witnesses would be permitted to make limited reference to the fact that officers appeared at Monds's residence to arrest him for violating terms of supervised release.

At trial, the court admitted evidence of the three convictions, and instructed the jury that it could consider the evidence only to help decide "motive, intent, knowledge, or absence of mistake or accident." The jury was admonished that it could not convict Monds simply because he may have committed similar acts in the past. When witnesses testified that Monds was under court supervision at the time of the investigation, the court gave a cautionary instruction about the limited purpose of the evidence.

II.

A.

Monds argues first that the district court abused its discretion by admitting the prior convictions. Rule 404(b) is a "rule of inclusion," *United States v. Riepe*, 858 F.3d 552, 560 (8th Cir. 2017), that permits evidence of prior crimes to show a defendant's "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). The evidence must be (1) relevant to a material issue raised at trial, (2) similar in kind and not overly remote in time to the crime charged, (3) supported by sufficient evidence to support a jury finding that the defendant committed the other act, and (4) of probative value not substantially outweighed by its prejudicial effect. *See United States v. LeBeau*, 867 F.3d 960, 978-79 (8th Cir. 2017); *United States v. Gant*, 721 F.3d 505, 509 (8th

Cir. 2013).  Evidence is not admissible under Rule 404(b) if it is introduced solely to show a defendant's propensity to engage in criminal misconduct.  *United States v. Walker*, 428 F.3d 1165, 1169 (8th Cir. 2005).

Monds contends that there was no meaningful similarity between his prior convictions and the charge in this case.  Citing *dicta* from *United States v. Turner*, 781 F.3d 374 (8th Cir. 2015), Monds complains that the government failed to provide a specific non-propensity purpose for offering evidence of the prior convictions.  We explained in *United States v. Harry*, 930 F.3d 1000 (8th Cir. 2019), however, that "*Turner* is inapposite where a defendant places his knowledge and intent at issue during trial."  *Id*. at 1006.  Monds placed both elements at issue, by means of a general denial, *id*. (quoting *United States v. Thomas*, 58 F.3d 1318, 1322 (8th Cir. 1995)), and by suggesting specifically that the drugs may have belonged to Johnson and that any drugs that he possessed were for personal use.

The concern in *Turner*, moreover, was whether the government failed to explain *what* intent or knowledge the evidence would tend to show, or how the prior crimes were relevant to the offense charged.  781 F.3d at 390.  Failure to elaborate in this way, while discouraged by this court, is "not in itself a basis for reversal."  *United States v. Mothershed*, 859 F.2d 585, 589 (8th Cir. 1988); *see United States v. Johnson*, 439 F.3d 947, 953-54 (8th Cir. 2006).  Here, moreover, the government did more than "simply read the list of issues for which prior bad acts can be admitted under Rule 404(b)."  *Mothershed*, 859 F.2d at 589.

The government was required to prove that Monds knew that the substance found on his dining room table was cocaine or cocaine base, as opposed to an innocent item, and the prosecution explained that a prior conviction for conspiring to distribute cocaine base was relevant to his knowledge.  The government also bore the burden to prove that Monds intended to distribute the drugs in his possession, rather than hold them for personal use; the jury was given the option to consider the

lesser-included offense of simple possession. That Monds was convicted thrice before on charges involving the distribution of drugs, the prosecution explained, was relevant to whether he intended to distribute the drugs found in his residence. *E.g.*, *United States v. Patino*, 912 F.3d 473, 476 (8th Cir. 2019). The proposed uses of prior convictions to prove "motive" and "absence of mistake" were not well-explained, and might prudently have been omitted, but were consistent with circuit precedent. *E.g.*, *Wright*, 866 F.3d at 905; *United States v. Ellis*, 817 F.3d 570, 579 (8th Cir. 2016); *United States v. McGilberry*, 620 F.3d 880, 886-87 (8th Cir. 2010); *United States v. Shoffner*, 71 F.3d 1429, 1432 (8th Cir. 1995). Where the district court is satisfied by the government's explanation for admissibility under Rule 404(b), the court not need repeat or augment the analysis.

Monds objects in particular to admission of the 2011 conviction because it was based on conduct occurring almost ten years before the alleged offense conduct in this case. The district court allowed that if this conviction were offered "by itself, that might be a closer call," but reasoned that where the two more recent convictions were "more significant anyway," admission of the third conviction did not occasion "any particularly additional prejudice." This was a permissible exercise of discretion. The older conviction was within the range of relevance, *e.g.*, *United States v. Johnson*, 860 F.3d 1133, 1142 (8th Cir. 2017), and in considering prejudicial effect, the court was entitled to consider the incremental effect of the evidence in light of the record as a whole.

Monds also complains that the district court failed to conduct an adequate balancing of the probative value and prejudicial effect of the evidence. The argument seems to be that because the government admitted only the judgments of prior convictions, without greater detail about the crimes, the probative value was too small to justify admission. Of course, if the government had presented details of Monds's prior drug trafficking, then that evidence would have risked greater prejudicial effect. We conclude that the district court's decision to limit the evidence and to provide a

cautionary instruction justified its conclusion that the probative value of the evidence on issues such as knowledge and intent was not substantially outweighed by its prejudicial effect.

B.

Monds next argues that the district court abused its discretion by allowing references to the fact that he was serving terms of supervised release and probation at the time of his arrest. A police officer testified that he was assigned to arrest Monds while he was on "state and federal probation." Two probation officers testified that they supervised Monds on federal supervised release and state probation, respectively, and that he reported living alone at the address where police arrested him and found drugs. Each time, the district court cautioned the jury that the evidence about court supervision was offered "solely to explain why the persons were called to the residence at issue," who lived at the residence, or how the witness was familiar with the living situation.

Monds asserts that the district court abused its discretion by failing to exclude the evidence under Rule 403 on the ground that its probative value was substantially outweighed by a danger of unfair prejudice. He asserts that because he was willing to stipulate that he lived at the residence, the testimony added no probative value but created a risk that the jury unfairly would convict him of the charged offense based on his prior transgressions.

Monds understates the probative value of the disputed evidence. Testimony from the probation officers tended to establish not only that Monds lived at the residence, but that he lived there *alone*. This fact helped to prove that Monds, not the visiting Johnson, possessed the drugs that were found within the residence. The testimony of the police officer that he was present to arrest Monds for violating conditions of release was admissible to explain the circumstances surrounding the

event.  *See United States v. Orozco-Rodriguez*, 220 F.3d 940, 942 (8th Cir. 2000); *United States v. Edwards*, 159 F.3d 1117, 1129 (8th Cir. 1998).  The court properly cautioned the jury to consider it only for that purpose, and the jury already was aware that Monds had sustained prior convictions.  The district court thus did not abuse its discretion under Rule 403.

III.

Monds also raises a claim of procedural error at sentencing.  He argues that the district court erroneously calculated the advisory guideline range by denying him a two-level reduction for acceptance of responsibility under USSG § 3E1.1.  We review the district court's determination for clear error.  *United States v. Perry*, 640 F.3d 805, 813 (8th Cir. 2011).

A defendant is entitled to a two-level decrease if he "clearly demonstrates" an acceptance of responsibility.  USSG § 3E1.1(a).  This adjustment generally "is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt."  USSG § 3E1.1, comment. (n.2).  In "rare situations," however, a defendant who is convicted after trial may earn the adjustment, such as when the defendant "goes to trial to assert and preserve issues that do not relate to factual guilt."  *Id.*; *see Perry*, 640 F.3d at 814.  Given that Monds maintained at trial that he was not guilty as a factual matter, the district court ruled that it was "compelled to find that he is not entitled" to the two-level reduction.

Monds argues that he accepted responsibility by submitting to a proffer interview before trial and providing details about the charged offense.  As it turned out, however, the parties did not reach a plea agreement or other pretrial resolution.  The case proceeded to trial, and Monds denied factual guilt.  That he refrained from obstructing justice by testifying falsely does not mean that his defense was unrelated to factual guilt within the meaning of the guideline commentary.  This was not one

of the rare situations in which a defendant may receive an adjustment for acceptance of responsibility despite putting the government to its burden of proof at trial. Monds complains that the district court failed to exercise its discretion when it declared that it was "compelled" to deny the adjustment. But the court's statement simply recognized the law: Under the guidelines, a defendant who proceeds to trial and presents a defense that denies factual guilt does not clearly demonstrate acceptance of responsibility.

\* \* \*

The judgment of the district court is affirmed.

_____