# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-2692

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| James Edward Thornberg, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: March 16, 2012
Filed:  April 16, 2012

_____

Before MURPHY, BRIGHT, and GRUENDER, Circuit Judges.

_____

MURPHY, Circuit Judge.

James Edward Thornberg escaped from the federal prison camp in Duluth, Minnesota where he was serving a 96 month sentence for wire fraud and money laundering.  After he was apprehended over 6 years later and charged with escape from custody in violation of 18 U.S.C. § 751(a), Thornberg pled not guilty by reason of insanity.  The district court[1] granted his request for a psychiatric evaluation which was completed by a forensic psychologist from the Bureau of Prisons.  Before trial Thornberg moved for a second psychiatric evaluation, but the district court denied the

_____

[1]The Honorable Ann D. Montgomery, United States District Judge for the District of Minnesota.

motion. After trial a jury convicted him of escape, the district court sentenced him to 30 months imprisonment. Thornberg appeals, claiming that his due process rights were violated because the single psychiatric evaluation was insufficient and he received ineffective assistance of counsel. We affirm.

After pleading guilty to wire fraud and money laundering in 2002, Thornberg was confined at a federal prison in Duluth, Minnesota. He escaped in 2003 and made his way to California, assumed a new identity, married, and spent some time traveling abroad. He was finally apprehended in March 2010 in California where he had been working at a carpet cleaning business. He was charged with escape from custody and pled not guilty by reason of insanity.

The district court granted Thornberg's motion for a psychiatric evaluation under 18 U.S.C. §§ 4241 and 4242(a), to assess his competency to stand trial and his state of mind at the time he escaped. A forensic psychologist with the Bureau of Prisons performed Thornberg's psychiatric exam. She determined that Thornberg did not suffer from a severe mental disease or defect that rendered him unable to appreciate the nature and quality or wrongfulness of his acts at the time of his escape. She also found him competent to stand trial and noted that his successful efforts to evade authorities for several years could be taken as evidence of his understanding of the wrongfulness of his conduct.

Thornberg claimed the evaluation was incomplete and filed several pro se motions requesting a second psychiatric evaluation to aid his defense. In particular, he argued that because the forensic psychologist had been unable to obtain some medical records from the period before his incarceration, she had not considered his complete mental health history and therefore could not make an accurate evaluation of his mental state at the time of his offense. The district court denied these motions, but prior to trial it twice granted Thornberg's requests for appointment of new counsel. His trial counsel was thus his third appointed lawyer.

Thornberg's defense at trial was based on a theory of coercion and duress, specifically that his family had persecuted him while he was in prison and he feared he would kill himself if he remained there. The district court permitted him to testify about his full mental health history including multiple treatments, hospitalizations, prescriptions for medication, and suicide attempts. Three other witnesses also testified for the defense. Dr. Walter Bera, a psychologist who had treated Thornberg between 1996 and 1997, testified that Thornberg exhibited signs of anxiety, paranoia, and hypervigilance. Joni Kaufman, Thornberg's former wife, testified that his family was "trying to harass him and keep him in prison" and described his ongoing "mental problems." His brother Steven testified that he thought Thornberg should be "institutionalized" and that he had sent Thornberg letters telling him that he needed "to check into a mental institution."

The district court gave a requested jury instruction on coercion and duress. The jury found Thornberg guilty, and the district court sentenced him to 30 months imprisonment to be served consecutively to completion of his earlier sentence for fraud and money laundering. Thornberg appeals his conviction, contending that the psychiatric evaluation he received was insufficient and that he received ineffective assistance of counsel.

In the district court Thornberg did not challenge his psychiatric evaluation on constitutional grounds, but on appeal he argues that his Fifth Amendment due process rights were violated because the evaluation he received denied him his right to present a defense. An error by the trial court, even one affecting a constitutional right, is forfeited if not timely asserted. United States v. Pirani, 406 F.3d 543, 549 (8th Cir. 2005). Accordingly, our review is for plain error. Id. To prevail on plain error review, Thornberg must show that "(1) the district court committed an error, (2) the error is clear or obvious, and (3) the error affected his substantial rights." United States v. White Bull, 646 F.3d 1082, 1091 (8th Cir. 2011). To demonstrate that his substantial rights were affected, an appellant must supply proof that the error affected

the outcome of the district court proceedings. Puckett v. United States, 556 U.S. 129, 135 (2009). Our decision to correct a forfeited error is discretionary, and we will "not exercise that discretion unless the error seriously affects the fairness, integrity or public reputation of judicial proceedings." United States v. White, 241 F.3d 1015, 1023 (8th Cir. 2001) (citation omitted).

An indigent defendant has a due process right to a psychiatric evaluation if he demonstrates that his sanity at the time of the offense is likely to be a significant factor at trial. Ake v. Oklahoma, 470 U.S. 68, 83 (1985). Indigent defendants may request funding for a psychiatric expert from the district court. See 18 U.S.C. § 3006A(e)(1) (authorizing funding for expert witnesses). The decision to grant or deny an application to fund an expert witness is committed to the trial court's discretion. United States v. Bertling, 370 F.3d 818, 820 (8th Cir. 2004). In analyzing a request for services, the court is to consider whether the defendant has demonstrated a reasonable probability that the requested expert would aid in his defense and whether denial of expert assistance would result in an unfair trial. Little v. Armontrout, 835 F.2d 1240, 1244 (8th Cir. 1987). Requests for additional psychiatric examinations are also within the trial court's discretion. See United States v. Maret, 433 F.2d 1064, 1067–68 (8th Cir. 1970).

We conclude that the district court properly granted a psychiatric evaluation in accordance with Ake and that it did not err in denying Thornberg's request for a second evaluation. While Thornberg argues that his evaluation was deficient because the forensic psychologist did not review his full medical history, the relevant issue was Thornberg's mental state at the time of the escape, and the forensic psychologist had access to and reviewed medical records dating from that time period. Her report concluded that Thornberg's feelings of persecution from his family were not evidence he had delusions because these feelings disappeared immediately after he escaped from prison. It also noted that his attempts to evade detection after his escape could be seen as evidence of his having understood the wrongfulness of his conduct.

-4-

Thornberg's testimony at trial was consistent with this conclusion. He testified that his feelings of persecution ended once he left prison, that he found a gas can outside of the prison which he used to induce an elderly couple to give him a ride from the area, and that he purchased a birth certificate in order to obtain a new identity. On this record he has not demonstrated that the district court abused its discretion by denying his request for a second psychiatric evaluation or that it violated his substantial rights.

Thornberg has also filed multiple pro se documents complaining about the district court's appointment of a forensic psychologist employed by the Bureau of Prisons to conduct his psychiatric evaluation. He argues that <u>Ake</u> requires appointment of a psychiatrist rather than a psychologist and that Bureau of Prisons psychologists are inherently biased against prisoners. These claims are without merit. <u>See</u> <u>Swann v. Taylor</u>, 173 F.3d 425, 1999 WL 92435, at *6 (4th Cir. 1999) (unpublished table decision) (<u>Ake</u> does not mandate appointment of a psychiatrist as opposed to a psychologist); <u>United States v. Zhou</u>, 428 F.3d 361, 379–80 (2d Cir. 2005) (district court may rely on mental evaluation performed by forensic psychologist associated with the Bureau of Prisons).

In his pro se filings Thornberg also raises ineffective assistance of counsel claims against each of his three court appointed attorneys. Such claims should generally be brought on collateral review and may only be considered on direct appeal in the rare circumstance where a record does not require additional factual development. <u>See</u> <u>United States v. Prior</u>, 107 F.3d 654, 661 (8th Cir. 1997). We conclude this is not such a rare case and that Thornberg's claims of ineffective assistance can only be brought on collateral review.

Accordingly, we affirm the judgment of the district court.

_____