# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-3608
_____

United States of America

*Plaintiff - Appellee*

v.

Lemuel Robert Hall

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Arkansas - Texarkana

_____

Submitted: September 23, 2013
Filed: October 1, 2013
[Unpublished]

_____

Before WOLLMAN, BEAM, and SMITH, Circuit Judges.

_____

PER CURIAM.

Following his guilty plea to theft of public money in violation of 18 U.S.C. § 641, Lemuel Hall appeals, arguing the district court[1] did not conduct an adequate

_____

[1]The Honorable Harry F. Barnes, United States District Judge for the Western District of Arkansas.

competency hearing pursuant to 18 U.S.C. §§ 4241 and 4247 to discover whether Hall had recovered his competency at the time Hall entered his guilty plea. In an Anders[2] brief, Hall also alleges he did not receive a speedy trial, that he was subjected to double jeopardy in violation of the Fifth Amendment and that he was never validly arrested.

The factual underpinnings of Hall's conviction are relatively simple and stem from allegations that Hall falsely obtained Social Security and Veterans Administration disability benefits. The procedural history of Hall's case is a bit more tortured. Hall was first indicted in January 2008 on two felony counts of theft of public money pursuant to § 641, and numerous requests for competency evaluations and motions to continue ensued. The first court-ordered psychiatric report was completed in May 2008, and the doctor completing this report found that Hall was competent to stand trial. The government filed a superseding indictment in June 2008 with five felony counts. Then, in February 2009, after another court-ordered psychiatric examination, the examiner opined that Hall was incompetent to stand trial. Accordingly, the district court held a competency hearing and, pursuant to 18 U.S.C. § 4241(d), committed Hall for treatment to a psychiatric facility to determine whether Hall could attain competence to proceed to trial. In August 2009, the district court received a report from that psychiatric facility declaring that Hall was competent to stand trial, and, apparently without holding a competency hearing, the district court reset Hall's trial date. In January 2010, Hall pleaded guilty to two of the felony counts and the court sentenced Hall to three years of unsupervised probation.

The very same day that Hall pleaded guilty and received his sentence, Hall appealed to this court, arguing that the district court erred[3] in failing to hold a

_____

[2]Anders v. California, 386 U.S. 738 (1967).

[3]After a defendant is released from a court-ordered mental facility, the district court "shall hold a hearing . . . to determine the competency of the defendant." 18

competency hearing after receiving the August 2009 psychiatric report. We agreed, and remanded to the district court, stating:

> This case is remanded to the district court for purposes of conducting a competency hearing. This Court leaves it to the discretion of the district court, in the first instance, to determine whether Mr. Hall should be allowed to withdraw his guilty plea and then have a competency hearing held, or, whether a retrospective competency hearing is possible in the circumstances of this case.

United States v. Hall, No. 10-1110 (8th Cir. Nov. 16, 2010) (order remanding to the district court). At the mandated competency hearing in front of the district court on May 23, 2012, Hall was given the opportunity to, and did, withdraw his guilty plea to the felony violations of § 641. At the same May 23 proceeding, the district court found that Hall was competent and able to understand the proceedings; the government brought a two-count misdemeanor information against Hall for violations of 18 U.S.C. § 641; Hall pleaded guilty to those two counts; and the court sentenced Hall to one year of unsupervised probation.

Hall appeals, raising the aforementioned contention that the district court did not conduct an adequate competency inquiry at the May 23 hearing. Hall did not make this argument to the district court and therefore we review for plain error. United States v. Thornberg, 676 F.3d 703, 706 (8th Cir. 2012), cert. denied, 133 S. Ct. 1654 (2013). Reviewing the record of the May 23 hearing, we find that no plain error occurred involving either the adequacy of the hearing procedures or the merits of the declaration of Hall's competence, to the extent Hall may actually be challenging the competency finding. As previously noted, after a defendant has been committed to a federal mental facility pursuant to 18 U.S.C. § 4241(d), § 4241(e) requires a district court to hold a competency hearing upon the defendant's release from the facility. 18

---

U.S.C. § 4241(e).

-3-

U.S.C. § 4247(d) further requires that at the competency hearing, the defendant "shall be afforded an opportunity to testify, to present evidence, to subpoena witnesses on his behalf, and to confront and cross-examine witnesses who appear at the hearing."

At the May 23 hearing, the district court considered the report of Hall's treating psychiatrist from the mental facility, accepted that report as evidence of Hall's competency, and found Hall competent. Hall did not seek to offer rebuttal evidence or witnesses, or even make any arguments to the effect that he was not competent. Because the hearing served many purposes in addition to the determination of Hall's competency, the court conversed with Hall a number of times about a number of issues, giving Hall both the opportunity to demonstrate his competency (or lack thereof), and to introduce evidence or make arguments about the efficacy of the psychiatric report. Accordingly, we find that no plain error occurred with regard to the proceeding on May 23, 2012.

With regard to Hall's remaining contentions, having reviewed the record under Penson v. Ohio, 488 U.S. 75, 80 (1988), we find no nonfrivolous issues. We affirm.

———————————————