# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-1381

_____

United States of America

*Plaintiff - Appellee*

v.

Tamiko Grandison

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: February 13, 2015
Filed: March 26, 2015

_____

Before RILEY, Chief Judge, LOKEN and SMITH, Circuit Judges.

_____

RILEY, Chief Judge.

A jury convicted Tamiko Grandison of one count of conspiracy to distribute at least five kilograms of cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846. The district court sentenced Grandison to 360 months imprisonment. Grandison appeals her conviction and sentence. With appellate jurisdiction under

28 U.S.C. § 1291, we affirm her conviction, vacate her sentence, and remand for resentencing.

## I.  BACKGROUND

Between January 1, 2004 and June 17, 2010, Grandison delivered cocaine in the Kansas City, Missouri, area for Jiles Johnson, a national illegal drug distributor. Johnson testified Grandison delivered approximately 525 to 675 kilograms of cocaine during this period.  At Johnson's instruction, Grandison obtained the cocaine at truck stops from smugglers bringing the cocaine from California, and would load thirty-gallon drums of cocaine into the trunk of her car.  She then stored the cocaine at her home until Johnson told her to make a delivery.  When directed by Johnson, Grandison separated out the instructed amount and delivered it to a dealer, using her personal car with TAMIKO license plates. The dealer would remove the cocaine and turn over cocaine sale proceeds.

On July 12, 2011, a federal grand jury indicted Grandison on one count of conspiracy to distribute at least five kilograms of cocaine.  Later that month, and after her initial appearance and arraignment, Grandison applied for jobs at the United States Postal Service and the Internal Revenue Service.  On those job applications, Grandison stated under oath she was not currently charged with any federal crimes.

Grandison's trial began on August 19, 2013.  Johnson, hoping to receive a reduced sentence, cooperated with the government and testified against Grandison. Grandison attempted to limit the impact of Johnson's testimony through her credibility attacks during opening statement and cross-examination of Johnson.  The government then called Task Force Officer Dustin Seeton to testify concerning Johnson and his reliability.

Grandison testified in her own defense. On cross-examination, the government asked Grandison about whether she had lied on federal job applications, and the

government then used the applications to question her, reading portions and having Grandison read portions. The jury found Grandison guilty.

At Grandison's sentencing hearing, the district court adopted the Presentence Investigation Report created by the United States Probation Office, which applied a two-level enhancement because Grandison held drugs in her home. See United States Sentencing Guidelines (U.S.S.G. or Guidelines) § 2D1.1(b)(12). With this enhancement, the district court calculated an advisory Guidelines range of 360 months to life imprisonment (level 42, category I). On the government's recommendation, the district court sentenced Grandison to 360 months imprisonment. Grandison appeals.

## II. DISCUSSION
### A. Evidentiary Issues

Grandison first challenges her conviction, arguing the district court erred in (1) "permitting the government to improperly bolster the credibility of its key cooperating co-conspirator witness," and (2) "permitting the use of extrinsic evidence of allegedly untruthful conduct to impeach the truthfulness of Ms. Grandison." Because she did not object to either issue at trial, we review both for plain error. See Fed. R. Crim. P. 52(b); United States v. Jones, 770 F.3d 710, 713 (8th Cir. 2014). Under plain error review, Grandison "must show (1) the district court committed an error, (2) the error is clear or obvious, and (3) the error affected [her] substantial rights." United States v. White Bull, 646 F.3d 1082, 1091 (8th Cir. 2011). "To demonstrate that [her] substantial rights were affected, [Grandison] must supply proof that the error affected the outcome of the district court proceedings." United States v. Thornberg, 676 F.3d 703, 706 (8th Cir. 2012). "Our decision to correct a forfeited error is discretionary, and we will 'not exercise that discretion unless the error seriously affects the fairness, integrity or public reputation of judicial proceedings.'" Id. (quoting United States v. White, 241 F.3d 1015, 1023 (8th Cir. 2001)).

### 1.    Bolstering

Grandison argues the district court plainly erred in permitting Officer Seeton to bolster Johnson's testimony in violation of Federal Rule of Evidence 608(a). Rule 608(a) provides: "A witness's credibility may be . . . supported by testimony about the witness's reputation for having a character for truthfulness or untruthfulness, or by testimony in the form of an opinion about that character. But evidence of truthful character is admissible only after the witness's character for truthfulness has been attacked." According to Grandison, Officer Seeton's testimony was improper because Grandison never attacked Johnson's character for truthfulness. The record belies Grandison's argument.

Grandison first attacked Johnson's character for truthfulness in her opening statement:

> Mr. Johnson tells people what he wants them to hear based on the situation, and this great deal that was offered by the Government afforded him that opportunity. He had to spin a great story so that he could spend less time in prison . . . . At the end of the day, we'll show you that the testimony coming from the Government's key witnesses is biased and simply a payback for the deals that were given.

Grandison continued her attack on cross-examination, asking Johnson:

> (1)    Does the Government have any means to verify the stories you tell them?
> (2)    Is there an independent source to verify the stories that you tell?
> (3)    Have you ever testified that you have not told the truth?

See, e.g., United States v. Bonner, 302 F.3d 776, 781 (7th Cir. 2002) (concluding evidence was admissible under Rule 608(a) because truthfulness of witness had been attacked during opening statements and cross-examination); United States v. Jones, 763 F.2d 518, 522 (2d Cir. 1985) (finding an attack in opening statements on the

truthfulness of the government witnesses where defense counsel stated the witnesses "made a deal to save their own hide").

Following Grandison's accusations and insinuations, Officer Seeton testified on direct examination that, during his multiple investigations, Johnson was integral to several drug prosecutions, and Officer Seeton had never come across information contradicting what Johnson told him. These general statements about Johnson's character and reliability did not venture outside the scope of Rule 608(a) by addressing the specific believability of Johnson's testimony about Grandison. See United States v. Azure, 801 F.2d 336, 341 (8th Cir. 1986).

On cross-examination of Officer Seeton, Grandison's counsel specifically inquired about, and effectively reinforced, Officer Seeton's opinion of Johnson's reliability. To the extent Officer Seeton's testimony on cross-examination may have fallen outside of Rule 608(a), Grandison invited those statements through her questioning and cannot be heard to complain now. See Fed. Crop Ins. Corp. v. Hester, 765 F.2d 723, 727 (8th Cir. 1985) ("[I]t is 'fundamental that where the defendant opened the door and invited error there can be no reversible error.'" (quoting United States v. Steele, 610 F.2d 504, 505 (8th Cir.1979))).

Officer Seeton's testimony was admissible under Rule 608(a), and the district court committed no error, plain or otherwise, by receiving it.

### 2. Extrinsic Evidence

Grandison next contends the government's use of extrinsic evidence in cross-examining Grandison violated Rule 608(b). On cross-examination, the government inquired into Grandison's truthfulness by asking whether Grandison lied on her IRS and Postal Service job applications when she stated she was not currently facing any federal charges. Grandison replied that she remembered marking she had no felonies, but she did not read the entire section on the application and simply marked "no" to

all of the questions. The government then quoted and asked about specific questions on the forms, and showed Grandison the applications and had her read one question into the record.

Rule 608(b) provides, in relevant part, that "extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness. But the court may, on cross-examination, allow them to be inquired into if they are probative of the character for truthfulness or untruthfulness." In inquiring about the witness's conduct, the questioner must take the answer provided by the witness and cannot use "extrinsic evidence to prove that the specific bad acts occurred." United States v. Martz, 964 F.2d 787, 789 (8th Cir. 1992).

Even if we assume the district court plainly erred in allowing the government to use the applications on cross-examination, Grandison must still show "there is 'a reasonable probability that, but for [the error claimed], the result of the proceeding would have been different.'" United States v. Frokjer, 415 F.3d 865, 872 (8th Cir. 2005) (alteration in original) (quoting United States v. Dominguez Benitez, 542 U.S. 74, 82 (2004)). Grandison claims the admission of the applications so reduced her credibility as to infect the jury decision-making process and affect the outcome of her trial. We disagree. Grandison's testimony remained the same before and after the admission of the applications, as she continued to assert she had not read or understood the questions on the applications. These applications likely had little or no impact on the jury's overall opinion of Grandison's credibility, and Grandison has provided no evidence suggesting otherwise. The record also reflects that other evidence strongly supported a guilty verdict. Grandison cannot show a reasonable probability that, but for the error, she would not have been convicted.

## B.  Drug House Enhancement

Grandison also challenges her sentence as procedurally flawed, proposing the district court miscalculated her Guidelines range.  The district court applied a two-level enhancement pursuant to U.S.S.G. § 2D1.1(b)(12) because Grandison maintained a place for drug distribution, resulting in an advisory Guidelines range of 360 months to life.  The parties now agree that this specific enhancement did not take effect until November 1, 2010, two years after Grandison ceased her drug activities.

Though Grandison did not object to the enhancement on *ex post facto* grounds before the district court, she now raises the issue on appeal.  We again review for plain error.  See United States v. Campbell, 764 F.3d 874, 878 (8th Cir. 2014).  The government concedes the district court should not have applied the enhancement and Grandison's advisory Guidelines range should have been 292 to 365 months.  The government further concedes this error is plain.  Therefore, the issue before us is the fact-specific question of whether the error affected Grandison's substantial rights.  See United States v. Pirani, 406 F.3d 543, 550 (8th Cir. 2005) (en banc).  We hold that it did.

"In the sentencing context, an error affects a defendant's 'substantial rights' when the error is prejudicial, and 'an error is prejudicial only if the defendant proves a reasonable probability that he would have received a lighter sentence but for the error.'"  United States v. Horton, 756 F.3d 569, 580 (8th Cir. 2014) (quoting United States v. Franklin, 695 F.3d 753, 757 (8th Cir. 2012)); see also Pirani, 406 F.3d at 551-53.  We previously have held that a sentence at the low end of an erroneous Guidelines range is not enough by itself to establish a reasonable probability of a lighter sentence but for the error, and we reaffirm that principle.  See United States v. Bain, 586 F.3d 634, 640 (8th Cir. 2009) (per curiam); Pirani, 406 F.3d at 553.  However, Grandison has shown more than just a sentence at the bottom of the Guidelines range.

At sentencing, the district court requested the recommendation of the government, which responded: "We're satisfied with the bottom of the guidelines." The district court then stated:

> I accept the position of your attorney, you weren't a ring leader, but you were sure a dependable and regular and consistent supplier in operations. I'm going to assess your punishment at 360 months. I'll take the government's recommendation, which is – it's a lot of time although I could go to life, but I'm going to stay with the 360.

This statement is the primary insight into the district court's determination of Grandison's sentence. The district court did not make an alternative holding based solely on the 18 U.S.C. § 3553(a) factors and seems to have relied upon the government's recommendation. While the district court's statements alone do not move us past speculation of what may have happened without the error, see Pirani, 406 F.3d at 553, the government's concessions at oral argument on appeal—(1) it probably would have recommended the bottom of the correctly calculated advisory Guidelines range, and (2) the district court probably would have taken that recommendation—do. Taking the district court's statements and the government's concessions together, we find there is a reasonable probability that, but for the error, Grandison would have received a lesser sentence. We therefore exercise our discretion to recognize the plain error, see id. at 550, and remand for resentencing.

## III.  CONCLUSION

We affirm Grandison's conviction, vacate her sentence, and remand for resentencing with the correctly calculated advisory Guidelines range of 292 to 365 months.

_____