# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-1322
_____

United States of America

*Plaintiff - Appellee*

v.

Tou Chi Fang

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota - St. Paul

_____

Submitted: October 20, 2016
Filed: December 28, 2016

_____

Before WOLLMAN, SMITH, and COLLOTON, Circuit Judges.

_____

SMITH, Circuit Judge.

On September 17, 2015, a jury convicted Tou Chi Fang of possession with intent to distribute methamphetamine ("meth"), in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). Before trial, Fang moved to exclude certain past convictions of felony

drug possession. The district court,[1] finding the prior convictions relevant to proving the elements of the crime, allowed testimony regarding the convictions. At the close of the government's case-in-chief, Fang moved for judgment of acquittal based on insufficiency of the evidence and rested his case. The district court denied the motion. The jury found Fang guilty, and the district court sentenced him to 110 months' imprisonment.

On appeal, Fang seeks reversal of his conviction or, in the alternative, a new trial. He argues that (1) the evidence presented at trial was insufficient to support his conviction, and (2) the district court erred by admitting into evidence his prior convictions. We disagree and affirm the judgment of the district court.

I. *Background*

On November 6, 2014, the St. Paul Police Department conducted a warrant-authorized search of the housing unit of a suspect in an unrelated offense. During the search, two officers—Sergeant Kent Cleveland and Officer Daniel Mack—entered the living area of the unit and saw Fang and the suspect standing in the back of the room. Both Fang and the suspect immediately began moving toward the rear kitchen area, while the officers commanded them to get on the ground and raise their hands. Both officers testified that Fang placed his hand in his pocket and refused to remove it.

Officer Mack testified that he saw Fang pull a plastic bag from his pocket and slide it across the floor under a nearby table. Sergeant Cleveland testified that although he did not see what Fang held in his hand, he did see Fang reach underneath the table after he eventually removed his hand from his pocket. Sergeant Cleveland recalled hearing the sound of a plastic bucket move underneath the table as if something had hit it. He also saw cash fall out of Fang's pocket during the encounter.

---

[1]The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota.

After the officers handcuffed Fang and the suspect, they discovered a plastic bag containing 25 grams of meth with a thin bungee cord on top of it underneath the table next to a plastic bucket. Both officers testified that they recovered no other items from the area where Fang had placed his hand. Fang possessed on his person more than $3,900 in small bills and a plastic bag containing ten smaller plastic bags. The bag type was consistent with those used for distributing user quantities of meth.

At trial, the government presented testimony from Sergeant Erik Johnston, who arrested Fang in 2006 for possession of meth. Then-Officer Johnston witnessed Fang discard a baseball cap in a flowerbed immediately before Fang encountered the police. Johnston recovered the cap from the flowerbed and found 36.8 grams (including weight of packaging) of meth hidden inside a secret compartment. Fang later pleaded guilty to possession of meth in state court. The government also presented testimony from Officer Adam Bravo, who arrested Fang in 2012. Officer Bravo testified that Fang fled when he saw the police approach his residence. As the police pursued him, Fang grabbed a plastic bag from his pocket and threw it toward a house. When officers located the discarded bag, it contained a small quantity of meth. Fang again pleaded guilty to possession of meth in state court.

Fang's pretrial suppression motion sought to exclude both of these convictions. But, the district court denied Fang's motion. Before the district court admitted the evidence at trial, it instructed the jury that it could use the testimony only to help establish whether Fang had knowledge that he possessed a controlled substance or had the intent to possess and distribute the controlled substance. After the government presented its case, Fang moved for judgment of acquittal, which the court denied. Without presenting evidence, he rested his case. The jury found Fang guilty.

II. *Discussion*

On appeal, Fang asks this court to reverse his conviction because the district court erred in denying his motion for judgment of acquittal. Fang also argues for a new trial because the district court erred in admitting into evidence his prior convictions. We examine each of these contentions in turn.

A. *Motion for Acquittal*

"We review de novo the denial of a motion for judgment of acquittal based on the sufficiency of the evidence." *United States v. Griffith*, 786 F.3d 1098, 1102 (8th Cir. 2015). We evaluate the evidence in the light most favorable to the verdict, reversing only if "no reasonable jury could have found the defendant guilty beyond a reasonable doubt." *United States v. Serrano–Lopez*, 366 F.3d 628, 634 (8th Cir. 2004) (quoting *United States v. Frank*, 354 F.3d 910, 916 (8th Cir. 2004)). "If the evidence rationally supports two conflicting hypotheses, the reviewing court will not disturb the conviction." *Id.* (quoting *Ortega v. United States*, 270 F.3d 540, 544–45 (8th Cir. 2001)). "This is a 'very strict standard of review.'" *United States v. Thunder*, 745 F.3d 870, 875 (8th Cir. 2014) (quoting *United States v. Cook*, 356 F.3d 913, 917 (8th Cir. 2004)).

Fang argues that no reasonable jury could have found him guilty based on the evidence presented at trial. He specifically points to alleged conflicts in testimony between Officer Mack and Sergeant Cleveland: Officer Mack saw the plastic bag exit Fang's pocket; Sergeant Cleveland did not. Sergeant Cleveland's testimony alone, however, provides the reasonable inference that the plastic bag came from Fang's possession. Nevertheless, Fang contends that the discrepancies in testimony preclude a reasonable jury from finding that he actually tossed the bag of meth under the table. We disagree. Viewing the testimony in the light most favorable to the verdict, a reasonable jury could resolve the testimonial discrepancies between the two officers as resulting from the differences in observational vantage points. As the trier of fact, the jury had access to all of the testimonial discrepancies. The record reflects that the

jury properly did its job of determining credibility and weighing the evidence. "A jury's credibility determinations are well-nigh unreviewable because the jury is in the best position to assess the credibility of witnesses and resolve inconsistent testimony." *United States v. Hodge*, 594 F.3d 614, 618 (8th Cir. 2010). We will not overturn a jury verdict if the jury picks one of two plausible scenarios presented by testimonial evidence.

Fang also argues that even if a reasonable jury could find that he possessed the bag of meth based on the conflicting testimony, no reasonable jury could find that he had the intent to distribute it. Our precedent indicates otherwise. Circumstantial evidence alone can establish an intent to distribute, including the possession of large quantities of a controlled substance. *See United States v. Ojeda*, 23 F.3d 1473, 1476 (8th Cir. 1994). The $3,900 in small bills and ten small plastic bags found on Fang's person, plus the plastic bag under the table containing 25 grams of meth—which amounts to 125 individual doses of the drug—provide adequate evidentiary support for the conviction. We have held that a reasonable jury could find the intent to distribute in cases with similar circumstantial evidence. *See, e.g.*, *United States v. Thompson*, 686 F.3d 575, 585 (8th Cir. 2012) (finding 33.03 grams of crack cocaine, 260 grams of marijuana in 153 small zip-top bags, and unexplained cash resources sufficient to support a finding of the intent to distribute); *United States v. Brett*, 872 F.2d 1365, 1370 (8th Cir. 1989) (finding 46.66 grams of crack cocaine, $6,800 in cash, and loaded pistol sufficient to support a finding of the intent to distribute). The instant facts align with our circuit's precedent enabling a reasonable jury to find intent to distribute by circumstantial evidence alone.

For these reasons, we affirm the denial of Fang's motion for judgment of acquittal.

B. *Evidence of Prior Convictions*

Federal Rule of Evidence 404(b) requires courts to exclude evidence of a defendant's past crimes if those convictions are offered only for the purpose of proving that a defendant acted in accordance with the bad character evidenced by those crimes. *United States v. Walker*, 428 F.3d 1165, 1169 (8th Cir. 2005). This is a rule of inclusion, however, allowing such evidence to be admitted for the permissible purposes of showing "motive, opportunity, intent, preparation, plan, knowledge, or absence of mistake or accident." *Id.* We will reverse a Rule 404(b) ruling "only when the evidence clearly had no bearing on the case and was introduced solely to show defendant's propensity to engage in criminal misconduct." *United States v. Gant*, 721 F.3d 505, 509 (8th Cir. 2013) (quoting *United States v. Farish*, 535 F.3d 815, 819 (8th Cir. 2008)). We review the district court's application of Rule 404(b) for clear abuse of discretion, "reversing only when an improper evidentiary ruling affected the defendant's substantial rights or had more than a slight influence on the verdict." *United States v. Picardi*, 739 F.3d 1118, 1124 (8th Cir. 2014) (quoting *United States v. Summage*, 575 F.3d 864, 877 (8th Cir. 2009)).

In this case, the district court permitted the government to introduce into evidence Fang's two prior convictions that occurred in 2006 and 2012. Fang argues that the government presented this evidence to the jury solely to prove that because he possessed meth on two prior occasions, he was the type of person who would distribute it. "To be admissible under 404(b), evidence must be (1) relevant to a material issue; (2) similar in kind and not overly remote in time to the crime charged; (3) supported by sufficient evidence; and (4) higher in probative value than prejudicial effect." *United States v. Tyerman*, 701 F.3d 552, 562 (8th Cir. 2012). Fang contends that these prior convictions were irrelevant, too remote in time, and unduly prejudicial. We will examine each of these contentions in turn.

First, Fang argues that his prior convictions are not relevant to a material issue in this case. For a jury to convict Fang under 21 U.S.C. § 841(a)(1), however, the

government had to prove beyond a reasonable doubt that Fang "(1) possessed [meth], (2) knew that what he possessed was a controlled substance, and (3) intended to distribute the substance he possessed." *Serrano–Lopez*, 366 F.3d at 634. Fang made a general denial of the crime charged, which put Fang's state of mind at issue. In such instances, evidence of prior convictions become relevant to prove knowledge. *United States v. Gaddy*, 532 F.3d 783, 789 (8th Cir. 2008). The government carried the burden of demonstrating that Fang both possessed meth and knew that it was a controlled substance. Fang's prior convictions for possession are relevant because they go directly to proving knowledge.

Second, Fang argues that his prior convictions were too remote in time to be relevant to this current charge. This argument also fails. After Fang's 2006 possession arrest, the court sentenced him to 86 months' imprisonment. He was released in May 2012, only to be arrested for the 2012 possession offense four months later. Fang was once again released from custody in December 2013, and in less than 12 months, he was arrested for this current offense. As the government points out, Fang had only 15 months of freedom between the first arrest in 2006 and this current offense. These convictions occurred, respectively, two and eight years before the current offense, and we have upheld prior convictions within similar date ranges. *See, e.g.*, *United States v. Trogdon*, 575 F.3d 762, 766 (8th Cir. 2009) (allowing a prior conviction of 11 years); *Gaddy*, 532 F.3d at 789 (finding prior convictions of 4, 10, and 11 years "not so remote as to be inadmissible"); *United States v. Jackson*, 278 F.3d 769, 772 (8th Cir. 2002) (listing cases upholding the admission of evidence up to 7 years). Fang's prior convictions are not too remote.

Third, Fang argues that the evidence of his previous convictions created undue prejudice. At the outset, we note that all prior criminal convictions tend to be prejudicial to a defendant, but "the question is whether the evidence is *unfairly* prejudicial." *Tyerman*, 701 F.3d at 563. We "give[] great deference to the district court's weighing of the probative value of evidence against its prejudicial effect." *Id.*

"Moreover, the use of a limiting instruction decreases the danger that unfair prejudice will result from admission of the evidence." *United States v. Thomas*, 398 F.3d 1058, 1063 (8th Cir. 2005). To establish unfair prejudice, we look for evidence that causes a verdict to be based on an improper basis, an inquiry into the interplay between the Federal Rules of Evidence 404(b) and 403. *See United States v. Williams*, 796 F.3d 951, 960 (8th Cir. 2015) ("Though all Rule 404(b) evidence is inherently prejudicial, the test under Rule 403 is whether its probative value is *substantially* outweighed by the danger of *unfair* prejudice." (quoting *United States v. Cook*, 454 F.3d 938, 941 (8th Cir. 2006)); *see also United States v. Jiminez*, 487 F.3d 1140, 1145 (8th Cir. 2007) (describing unfair prejudice under Rule 403 as causing an improper emotional response affecting the outcome). In this case, the prior convictions contained no shocking facts that would infect the jury's deliberations with information likely to lead to an unfair verdict. As noted above, these prior convictions provided an evidentiary foundation for knowledge, an element of the crime charged. The district court's limiting instruction likely reduced any possible prejudicial effects as well. *See Gaddy*, 532 F.3d at 790. The prior-convictions evidence did not unfairly prejudice Fang. The district court, therefore, did not abuse its discretion by admitting the prior convictions.

## III. *Conclusion*

Accordingly, we affirm the judgment of the district court.

_____