# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-2645
_____

United States of America

*Plaintiff - Appellee*

v.

Earl Rice

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: September 21, 2023
Filed: October 30, 2023
[Unpublished]

_____

Before LOKEN, GRUENDER, and BENTON, Circuit Judges.

_____

PER CURIAM.

A jury convicted Earl Rice of two federal firearms offenses, and the district court[1] sentenced him to 120 months' imprisonment to run consecutively to a 600-month sentence previously imposed by another court. Rice appeals and argues that

_____

[1]The Honorable John A. Ross, United States District Judge for the Eastern District of Missouri.

the forty-four-month delay between his arraignment and trial violated his rights under the Speedy Trial Act and the Sixth Amendment. He also argues that the district court erred in calculating his base offense level under the sentencing guidelines. Addressing these arguments in turn, we affirm.

"When a defendant brings a speedy trial challenge under both the Speedy Trial Act and the Sixth Amendment, we review the claims separately." *United States v. Leveke*, 38 F.4th 662, 669 (8th Cir.), *cert. denied*, --- U.S. ---, 143 S. Ct. 386 (2022). We begin with the Speedy Trial Act, which requires that a trial begin within seventy days of the filing of an indictment or the defendant's initial appearance. 18 U.S.C. § 3161(c)(1). However, certain delays are excluded from the seventy-day limit. The clock may be tolled for many reasons, including "delay resulting from any pretrial motion," *id.* § 3161(h)(1)(D), or a finding that "the ends of justice" served by a delay "outweigh the best interest of the public and the defendant in a speedy trial," *id.* § 3161(h)(7)(A).

Although forty-four months passed between Rice's arraignment and trial, Rice concedes that more than thirty-three months were due to "delay resulting from" his numerous "pretrial motion[s]," and thus were tolled for purposes of the Speedy Trial Act. The Government argues that the remaining time was almost entirely tolled due to the district court's administrative orders regarding the COVID-19 pandemic. *See Leveke*, 38 F.4th at 670-72 (finding that the "ends of justice" exclusion may be invoked to delay jury trials due to COVID-19). However, we need not decide that issue if Rice waived his right to assert a violation in the first place. *See United States v. Williams*, 557 F.3d 943, 950 (8th Cir. 2009). A defendant waives his right to assert a Speedy Trial Act violation by failing to move for dismissal before trial. *United States v. McAdory*, 501 F.3d 868, 872 (8th Cir. 2007). Despite filing a litany of pretrial motions and one interlocutory appeal over more than two years, Rice did not move to dismiss the charges against him based on the Speedy Trial Act. Rice has thus waived his argument.

Rice, who proceeded *pro se* in the district court, argues on appeal that he properly invoked his rights. He contends that his attempt to dismiss his appointed counsel, his refusal to acknowledge that his request for more time to prepare pretrial motions was a request for a continuance, and his statement to the district court at a pretrial conference that "I am far outside the 3161 Speedy Trial Act [and] should have been done with this" are all sufficient to prevent waiver. However, the Speedy Trial Act requires that a defendant move for dismissal before trial based on an alleged violation, 18 U.S.C. § 3162(a)(2), and we have already held that oblique references to the Speedy Trial Act do not suffice. *United States v. Jones*, 795 F.3d 791, 798 (8th Cir. 2015) (holding that a *pro se* defendant who "suggest[ed] that he did not want his case continued and that his attorney did not 'keep [his] trial within the fast and speedy trial clause'" waived his Speedy Trial Act claim). Rice did not move for dismissal, so he waived his right to assert a Speedy Trial Act violation.

We turn now to Rice's Sixth Amendment Claim. We review for plain error, because Rice failed to raise this claim to the district court and "[a]n error by the trial court, even one affecting a constitutional right, is forfeited if not timely asserted." *United States v. Thornberg*, 676 F.3d 703, 706 (8th Cir. 2012). To decide this issue, we must first determine whether the delay was presumptively prejudicial. *United States v. Summage*, 575 F.3d 864, 875 (8th Cir. 2009). If it was, we consider four factors to determine if the Sixth Amendment was violated: "1) the length of delay; 2) the reason for delay; 3) whether the defendant asserted the right to a speedy trial; and 4) whether the defendant suffered any prejudice." *Id.* (internal quotation marks omitted).

We conclude that the district court did not plainly err by not *sua sponte* dismissing the case based on Rice's Sixth Amendment right to a speedy trial. Although a forty-four-month delay is presumptively prejudicial, *see United States v. Aldaco*, 477 F.3d 1008, 1019 (8th Cir. 2007), Rice did not assert his right to a speedy trial, "most of the delay is attributable to him," *id.*, and he has made no showing of prejudice. *See Summage*, 575 F.3d at 876 (finding no prejudice where defendant failed to establish he lost witnesses because of the delay); *Aldaco*, 477 F.3d at 1019

("To the extent [defendant] suffered any anxiety and concern, the delay allowed him to express his concern" through numerous pretrial motions); *United States v. Murdock*, 798 F. App'x 42, 43 (8th Cir. 2020) (applying plain-error review).

Finally, Rice contends that the district court erred in calculating his base offense level under the sentencing guidelines. Rice's base offense level relied in part on a previous "felony conviction of . . . a controlled substance offense." U.S.S.G. § 2K2.1(a)(3). Rice argues that his prior Missouri conviction for possession of marijuana with intent to distribute does not qualify as a "controlled substance offense" because Missouri has since revised its statutory definition of marijuana to exclude industrial hemp. As Rice acknowledges, *United States v. Bailey*, 37 F.4th 467, 469-470 (8th Cir. 2022), forecloses that argument.

Accordingly, we affirm Rice's conviction and sentence.

_____