# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-3418
_____

United States of America

*Plaintiff - Appellee*

v.

Wyland Kinney

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis
_____

Submitted: September 23, 2024
Filed: October 30, 2024
[Unpublished]
_____

Before GRUENDER, KELLY, and GRASZ, Circuit Judges.
_____

PER CURIAM.

A jury found Wyland Kinney guilty of distribution of a controlled substance resulting in death, *see* 21 U.S.C. § 841(a)(1), (b)(1)(C), distribution of a controlled substance, *see id.*, and being a felon in possession of a firearm, *see* 18 U.S.C. §§

922(g)(1), 924(a)(2).  The district court[1] sentenced him to life imprisonment to run concurrently with two 360-month sentences and a 120-month sentence.  Kinney appeals and argues that the district court erred in denying his motion for judgment of acquittal.  He also argues that the district court erred by failing to grant a new trial *sua sponte*.  Addressing these arguments in turn, we affirm.

We begin with Kinney's challenge to the district court's denial of his motion for judgment of acquittal, which we review *de novo*.  *See United States v. Yarrington*, 634 F.3d 440, 449 (8th Cir. 2011).  Kinney attacks the sufficiency of the evidence supporting the verdict on distribution of a controlled substance resulting in death.[2] "We evaluate the evidence in the light most favorable to the verdict, reversing only if no reasonable jury could have found the defendant guilty beyond a reasonable doubt."  *United States v. Fang*, 844 F.3d 775, 778 (8th Cir. 2016) (internal quotation marks omitted).  Importantly, "we do not weigh the evidence or assess the credibility of the witnesses"—that is for the jury.  *United States v. Polk*, 715 F.3d 238, 247 (8th Cir. 2013) (brackets omitted).

On appeal, Kinney attacks the testimony of Richard Liam Cleaveland-Acklin, arguing that his testimony was not sufficiently credible to establish that Kinney sold drugs to J.P. on the day of J.P.'s death.  Cleaveland-Acklin testified that J.P. arranged to buy drugs from Kinney on the day of his death and that Cleaveland-Acklin was at J.P.'s residence when this drug deal unfolded.  He also testified that, although he did not initially tell officers that he participated in the deal, he did put some money on the deal and split Kinney's drugs with J.P.  His testimony was corroborated by J.P.'s cell phone records.  Kinney argues that testimony about these matters is insufficient because in his view Cleaveland-Acklin's testimony changed over time.  But this

---

[1]The Honorable Henry E. Autrey, United States District Judge for the Eastern District of Missouri.

[2]Kinney appears to challenge the other distribution counts, but because he does not make meaningful arguments regarding those counts in his opening brief we consider them waived. *See Chay-Velasquez v. Ashcroft*, 367 F.3d 751, 756 (8th Cir. 2004).

argument is an attack on witness credibility, which is for the jury to evaluate. *See Polk*, 715 F.3d at 247. It is "virtually unassailable on appeal." *United States v. Collier*, 932 F.3d 1067, 1079 (8th Cir. 2019); *see Fang*, 844 F.3d at 779 ("A jury's credibility determinations are well-nigh unreviewable because the jury is in the best position to assess the credibility of witnesses and resolve inconsistent testimony."). We therefore discern no error in the district court's denial of Kinney's motion for acquittal.

We turn now to Kinney's argument that the trial court erred by failing to grant a new trial *sua sponte*. We review for plain error because Kinney failed to raise this argument to the district court. *See United States v. Thornberg*, 676 F.3d 703, 706 (8th Cir. 2012). The district court did not plainly err because it does not have the power under Federal Rule of Criminal Procedure 33 to order a new trial *sua sponte*. *See United States v. Yarrington,* 634 F.3d 440, 451 (8th Cir. 2011). Rule 33 provides that "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33; *see also* Fed. R. Crim. P. 33 advisory committee notes ("[A] judge has no power to order a new trial on his own motion…he can act only in response to a motion timely made by a defendant."). Kinney did not file a timely motion for a new trial. *See* Fed. R. Crim. P. 33(b)(2) ("Any motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 14 days after the verdict or finding of guilty…"). Thus, under the Federal Rules of Criminal Procedure, the district court lacked the power to grant Kinney a new trial because he failed to move for one. Consequently, the district court did not plainly err in not granting Kinney a new trial *sua sponte*.

Accordingly, we affirm Kinney's conviction and sentence.

_____